AMES SHOVEL & TOOL COMPANY *v.* ANDERSON.

Opinion delivered April 19, 1909.

1. WATERS—OBSTRUCTING FLOW OF SURFACE WATER.—It was not error to instruct a jury that it was the duty of a company building a railroad to use ordinary care "to provide proper and sufficient openings or culverts for the escape of all water crossing its roadbed by means of natural drains and depressions so as not to obstruct and cause the water to overflow the lands of upper proprietors." (Page 234.)

2. INSTRUCTIONS—GENERAL OBJECTION.—Where the court told the jury that it was the duty of one building a railroad to use ordinary care to provide sufficient openings for the escape of surface water, and further told them that if they found that defendant failed to provide such openings, by reason of which plaintiff's lands were overflowed, then verdict should be for plaintiff, a general objection was insufficient to point out that the latter clause made the defendant liable if it failed to provide sufficient openings, without regard to the use of ordinary care. (Page 235.)

Appeal from Little River Circuit Court; *James S. Steel*, Judge; affirmed.

*J. S. Lake* and *Glass, Estes & King*, for appellant.

The first instruction announces a rule of law not applicable to the facts of the case, is a charge upon the weight of the evidence, and is inconsistent with other instructions given. At common law, and in most of the States, the rule is that surface water is a common enemy against which an owner may defend his

premises, even by dike or embankment, without liability to his neighbor. 165 U. S. 601, (41 L. Ed. 843) ; 39 Ark. 463 ; 35 Ark. 622; 30 Am. & Eng. Enc. of L. 330. In this State liability is made to depend to some extent upon the reasonableness of the act complained of. If the obstruction is such as is reasonable and necessary for the use made of the property, then the consequent damage to adjacent holders is not recoverable. 66 Ark. 271. It was for the jury to say whether what the company did amounted to negligence, and for them to determine, not whether proper and sufficient openings or culverts were left in the track, but whether the company unnecessarily and unreasonably obstructed the flow of the water.

Taking the instruction as a whole, its meaning is that the absolute duty rests on the company to provide culverts along the track to drain the water. That is not the law. The general doctrine relating to providing openings in railroad embankments and other permanent structures does not apply in this case. 30 Am. & Eng. Enc. of L. 332-334; 45 Ark. 252; 41 Minn. 384. The track was a temporary structure, laid flat on the ground, and it was error to charge the jury that a failure to provide culverts in such a track was negligence. 76 Ark. 88; 29 Cyc. 634-5.

*J. T. Cowling* and *James D. Head,* for appellees.

The injuries complained of were occasioned by the turning back of surface water accumulated from large tracts of other lands than that of appellees, and contiguous thereto, which water was held up and deflected by the track of appellant and caused to spread out and stand over the lands of appellees. The damage was not necessary, and might readily have been prevented by providing proper openings for the water to flow through. 39 Ark. 463; 44 Ark. 360; 57 Ark. 512. Appellant will not be heard to complain of the first instruction, having itself failed to ask a proper instruction. 75 Ark. 76; 87 Ark. 528.

If the instruction is erroneous, it was invited error, due to appellant's admission in court that if the railroad crossed drains or swags it would have to leave openings for the waters to go through. 81 Ark. 579; 87 Ark. 396; 88 Ark. 138; 69 Ark. 140; 80 Ark. 169; 66 Ark. 588; 67 Ark. 531. A general

objection is not sufficient. Appellant should have pointed out specifically in what respect the instruction was defective. 81 Ark. 187; 65 Ark. 54; 73 Ark. 594; 84 Ark. 81.

BATTLE, J.  Two actions were brought against the Ames Shovel & Tool Company of Texas, to recover damages to crops in 1906 and 1907 caused by the unskillful and careless construction of a railroad.  One of these actions was brought by James S. Anderson, and the other by the said James S. and John Anderson.  They involved practically the same facts and questions of law, and were consolidated and tried as one action.  A verdict in the former was rendered in favor of the plaintiff for $954, and in the latter in favor of the plaintiffs for $391.50.  Defendant appealed.

In the first action the plaintiff alleged that he was the owner of the northwest quarter of the southwest quarter and the southwest quarter of the northwest quarter of section 30, township 13 south, range thirty-one (31) west; and the south half of the northeast quarter of section twenty-five (25), township thirteen (13), range thirty-two (32) west, in Little River County, in this State; that he had a farm on the lands in cultivation during the year 1906; and that sometime in May, 1906, the defendant, in the course of its business and for the purpose of transporting timber to one of its mills, constructed and maintained a railroad running a short distance north of the farm and across a natural depression, which sloped from the plaintiff's farm to the north and east and carried off from the farm water that fell upon the same and upon the surrounding territory; and that there was another slough or lake or depression which extended through the northwestern part of section 25 and across into section 24, which carried off waters that fell in the territory adjacent to same, across which the defendant unlawfully, negligently and carelessly constructed its railroad; that in constructing same the defendant carelessly and negligently built it in such a manner as to obstruct the passage of water along the said natural drains by building an embankment out of earth and logs to the height of about one foot, and by negligently and carelessly failing to leave any spaces or openings in the said embankment through which the water ordinarily and customarily flowing from the farms and lands in that vicinity could pass.  Further, that the

appellant carelessly and negligently constructed its roadbed across a slough in section 24, by filling the same with logs, earth and brush, so that the waters flowing through the said slough could not escape through that channel, and, further, negligently and carelessly obstructed the said slough on the south of the track by throwing brush and logs therein. Further, that the defendant negligently piled or caused to be piled, just south of its roadbed, great quantities of logs, brush and trash, which had the effect to stop the flow of water; that during 1906 appellee cultivated all of section thirty except twenty acres, on which cultivated land he had cotton, with the promise of a large yield; that about the last of July the obstructions on the track caused the water to be dammed up and accumulate over the appellee's farm, and upon the cotton, and damaged it one-half, for which $1,200 is asked.

The second cause of action was alleged in that in the year of 1907 another crop of cotton was planted, and was destroyed in the same way, with the result that he lost 40 acres of cotton, of the value of eight hundred dollars.

In the second action there was the same plaintiff as in the first, with the addition of John Anderson. The same allegations of negligence were made; about the only difference being in the land that was injured.

In the second action it was claimed that in 1906 twenty acres of cotton were cultivated jointly by the plaintiffs in the north half of the southwest quarter of the northwest quarter of section 30, which was destroyed during the month of July, 1906.

The defendant specifically denied all the material allegations in the complaint.

The testimony in this case is voluminous. It would require too much time and space to set it out, substantially, in this opinion, and it would serve no useful purpose to do so. It is sufficient to say that, the instructions of the court being correct, there was enough to sustain the verdict of the jury.

The court, over the objections of the defendant, gave the following instruction to the jury:

"The court instructs the jury it was the duty of the defendant company in building its road to use ordinary care to provide proper and sufficient openings or culverts for the escape of all

water crossing its roadbed by means of natural drains and depressions in the earth, so as not to obstruct and cause the water to overflow the lands of upper proprietors, whether at times of ordinary stages of such drains or depressions, or from excessive rains which, by the exercise of such care could have been foreseen and guarded against; and if you find from a preponderance of the evidence that the defendant failed to provide such openings, and that by reason of such failure the lands of the plaintiff were overflowed and his crops injured as alleged in the complaint, then you are instructed that defendant was guilty of negligence, and your verdict should be for the plaintiff."

In *Little Rock & Fort Smith Railway Co.* v. *Chapman,* 39 Ark. 463, this court held: "A railroad company has no right, in the use of its right of way, to injure the lands of upper proprietors by flooding them with surface water which had been used to pass over the right of way, when, by reasonable care and expense, it might, consistently with the enjoyment of the right of way, leave a free passage for the water."

*Baker* v. *Allen,* 66 Ark. 271, was "an action to recover damages for the obstruction of the natural flow of surface water, caused by the construction of a levee across a swale or depression which extended across the lands of both plaintiff and defendant, and along which the surface water passed in times of rain and melting snow." In that case this court held that it is only where a landowner obstructs the natural flow of surface water unnecessarily, when by reasonable care and expense he might have avoided such injury, that he becomes liable to an upper proprietor for the damages thus occasioned. This rule is applicable to this case. Appellant objects to the instruction given over its objection, because of the use of the words "sufficient openings or culverts," and because the court unqualifiedly instructed the jury to return a verdict in favor of the plaintiff if they found that the defendant failed to provide sufficient openings for the escape of all water, without regard to the use of ordinary care.

As to the first objection, we cannot see how the use of the words objected to could be prejudicial; for how could a free passage of water be otherwise provided?

The second objection is based on an incorrect construction of the instruction. It should be considered as a whole. It is

only in this way that the intention of the court can be ascertained. When read in this way, it is evident that the court intended to tell the jury that, if they found from the evidence that the defendant failed to use ordinary care to provide such openings, and that by reason of such failure the lands of the plaintiff were overflowed and his crops injured, their verdict should be for the plaintiff.  The court certainly did not intend to contradict itself. It is true that the instruction is defective.  But it is obvious that the court was endeavoring to follow the ruling of the court in the Chapman case.  The failure to do so by the use of proper words should have been pointed out by a specific objection, if the defendant desired to take advantage of it.  A general objection was insufficient.

Judgments in both actions affirmed.